IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARITZA MELGAR-AGUILAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0960 |
| | § | |
| UNITED STATES DEPARTMENT | § | |
| OF HOMELAND SECURITY, et al. | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

The petitioner, Maritza Melgar-Aguilar, also known as Maritza Melaga-Lewis, is reportedly in custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") division, awaiting removal from the United States. She has filed a petition for relief from an administrative order of removal and she seeks a stay of deportation. After reviewing all of the pleadings and the applicable law, the Court concludes that the petition must be dismissed for reasons discussed briefly below.

### I.   DISCUSSION

The petitioner is a native and citizen of Honduras. According to the pleadings, she was brought to the United States "eleven years ago" and forced into "the sex trade." She was arrested by Jefferson County Sheriff's Department on February 25, 2011, and detained as the result of an "ICE hold." Subsequently, she was transferred to the ICE Houston Processing Center, where she was placed in removal proceedings. The

petitioner reports that an immigration judge has entered an order of removal against her and that deportation is imminent.

The petitioner argues that, as a victim of the sex trade, she is entitled to asylum or status as a refugee. For this reason, she seeks relief from the immigration judge's removal order. The petitioner appears to claim further that her arrest was invalid. She has filed a separate complaint against the Jefferson County Sheriff's Department for false arrest, among other things. (Docket No. 1, Exhibit C). She asks for a stay of deportation until these issues are resolved. The Court concludes, however, that this case must be dismissed for reasons set forth briefly below.

The petition in this case was filed on the petitioner's behalf by Bruce Allen Lewis, who describes himself alternatively as an "intervenor," the petitioner's common-law partner, and an agent or "Secured Party Creditor." In federal court a party can represent himself or be represented by an attorney, but cannot be represented by a nonlawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-09 (2d Cir. 1991) (reviewing authorities)). Because the petition is signed only by Mr. Lewis, and not by the petitioner or a licensed attorney, this suit is subject to dismissal as improperly filed.

More importantly, the petition plainly constitutes a collateral attack on the validity of an existing removal order. This Court lacks jurisdiction to consider a challenge to the order of removal under the REAL ID Act of 2005, codified as amended at 8 U.S.C. § 1252(a). Section 106 of the REAL ID Act of 2005, Pub. L. No. 109-13, Div. B, 119 Stat.

231 (May 11, 2005), has amended the immigration statutes governing judicial review, codified at 8 U.S.C. § 1252(a), by adding the following jurisdictional restriction which makes a petition for review to the applicable circuit court of appeals the "sole and exclusive means of judicial review" for orders of removal:

> Exclusive Means of Review — Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act, except as provided in subsection (e) of this section.

8 U.S.C. § 1252(a)(5). The REAL ID Act "divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review." *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5)). Because the REAL ID Act precludes jurisdiction over petitions of the sort filed in this case, this Court has no authority to consider the claims or to stay removal. The pleadings do not indicate whether the petitioner has challenged her removal by pursuing relief with the Board of Immigration Appeals or the appropriate court of appeals. The petitioner does not otherwise allege or show that there is another valid basis for jurisdiction. Accordingly, the request for a stay of removal will be denied and the petition will be dismissed for lack of jurisdiction.

**II.     CONCLUSION AND ORDER**

Based on the foregoing, the Court **ORDERS** as follows:

1. The petition for a stay of removal (Docket No. 1) is **DENIED**.

2. This case is **DISMISSED** for lack of jurisdiction.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas this 17th day of March, 2011.

_____
Kenneth M. Hoyt
United States District Judge